UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DORIS LYNN HOAK, on behalf of herself and others similarly situated | ) ) ) |
| v. | ) NO. 3:11-1085 ) JUDGE CAMPBELL |
| DIVERSICARE MANAGEMENT SERVICES CO. | ) ) ) |

ORDER

This case is set for a jury trial on May 21, 2013, beginning at 9:00 a.m. Counsel for the parties shall appear for a Pretrial Conference in this Court on May 13, 2013, at 9:00 a.m. All lawyers who will participate in the trial must attend the pretrial conference.

Counsel shall submit a Joint Proposed Pretrial Order to the Court by May 6, 2013. The Pretrial Order shall contain: (1) a recitation that the pleadings are amended to conform to the Pretrial Order and that the Pretrial Order supplants the pleadings; (2) a statement of the basis for jurisdiction in this Court; (3) a short summary of the Plaintiff's theory (no more than one page); (4) a short summary of the Defendant's theory (no more than one page); (5) a statement of the issues, including a designation of which issues are for the jury and which are for the Court; (6) a succinct statement of the relief sought; (7) a summary of any anticipated evidentiary disputes; and (8) an estimate of the anticipated length of the trial.

The parties shall also submit to the Court, by May 6, 2013, the following:

(1) joint proposed jury instructions and verdict forms as follows:

> Counsel shall exchange proposed jury instructions on the substantive law of this specific case and proposed verdict forms and confer to reach agreement. Thereafter, counsel shall jointly prepare and file a set of agreed, proposed, case specific, jury instructions and verdict forms. Each proposed jury instruction shall begin on a new page and shall include citations to supporting

authorities.  Counsel shall separately file any disputed jury instructions or verdict forms.

Certain standard, non-case specific jury instructions generally used by the Court are available on the Court's website: http//www.tnmd.uscourts.gov/campbell.html.  Counsel with internet access shall file any objections to these standard jury instructions.

(2) witness lists, except for witnesses solely for impeachment in accordance with Fed. R. Civ. P. 26(a)(3);

(3) exhibit lists, except for documents solely for impeachment in accordance with Fed. R. Civ. P. 26(a)(3); and

(4) any stipulations.

By April 29, 2013, the parties shall file any motions in limine and any motions objecting to expert testimony.  Any responses to such motions shall be filed by May 6, 2013.

Expert witness disclosures shall be made timely, in accordance with Local Rule 39.01(c)(6)d.  Responses to interrogatories, requests for production and requests for admissions shall be made timely in accordance with Local Rules 33.01(c), 34.01 and 36.01.  The Court may exclude evidence, or order other sanctions, for violation of a duty or deadline to make or supplement expert witness disclosures or discovery responses.

Counsel shall be prepared, at the Pretrial Conference, to:

(1) identify and discuss undisputed facts and issues;

(2) discuss the status of discovery;

(3) preview proposed testimony;

(4) discuss expert testimony;

(5) preview proposed exhibits;

(6) discuss motions in limine;

(7) discuss proposed jury instructions and verdict forms;

(8) discuss settlement; and

(9) discuss pretrial briefs.

If settlement is reached after jurors have been summoned, resulting in the non-utilization of the jurors, the costs of summoning the jurors may be taxed to the parties.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE